■ JEAN M. THIELE, as Administratrix of the Estate of GEORGE A. THIELE, JR., Deceased, Respondent, v. EDWARD P. HICKEY et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court at Trial Term entered in Broome County on October 24, 1957 in favor of plaintiff upon a jury verdict of $50,000 for wrongful death of plaintiff's intestate, and $5,000 for conscious pain and suffering, totaling, with costs and interest $58,884.23. Decedent lived in an upstairs apartment in a house owned by defendants. In some manner he fell and struck a corner of a ground floor back step and ruptured his liver, causing his death. It is not claimed that the stairs are defective. It is alleged that decedent stepped in a hole in a slab of cement set flush with the ground as he started up the stairs. This slab was no part of the steps but was located at the bottom of them. The only evidence as to the hole in the slab was some pictures taken by plaintiff's sister with a Brownie camera with a fixed focus lens, and taken at close-up angles. There is evidence by a professional photographer that such pictures are distorted. Even the amateur photographer did not testify as to the depth of the hole from her own observations. The only testimony on that subject is that it was one-half inch deep. The only evidence as to the manner in which the accident occurred was supplied by a daughter of plaintiff and decedent, who was six years of age at the time, and who purports to have witnessed it from the rear window of a car. She said that decedent slipped in the hole. There is evidence that this hole existed for at least two months prior to the accident, and that decedent passed over it daily. There is evidence in the case strongly suggesting that the accident happened in some other manner. In his summation counsel for defendants strongly suggested that there was no insurance, and that any verdict would be " taking from one family and giving to another". Thus baited, plaintiff's counsel in his summation strongly suggested that there was insurance, and said: " and I don't believe they [plaintiff] will bring any harm to the defendants, if they win this case." We condemn such practice by either party, but our decision need not turn upon that point. We think that the verdict was clearly against the weight of evidence and should be reversed for that reason. Judgment reversed and a new trial ordered, with costs to appellants to abide the event. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.